**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE BOEING COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 00-705 C<br>Judge Francis M. Allegra |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THE TRANSCRIPTS OF DEPOSITION TESTIMONY**

Defendant, the United States, hereby responds to "Plaintiff's Motion for Leave to File the Transcripts of Deposition Testimony Pursuant to Rule [sic, Paragraph] 15(b), Appendix A, RCFC," filed July 23, 2007.

Plaintiff's motion contains a certification "pursuant to Rule 32(3)(D) [sic, 32(a)(3)(D)] and (E)," however, plaintiff does not indicate why it has been unable to procure the attendance of the witnesses by subpoena as required by RCFC 32(a)(3)(D). Plaintiff's motion states that each witness resides more than 100 miles from the place of trial. Thus, it appears that plaintiff's motion is proper only under RCFC 32(a)(3)(E).

Plaintiff's motion, in several places, lists deposition exhibits after the designation of transcript pages. To the extent that Boeing is moving for the admission of exhibits, defendant objects to this as improper in the context of a motion to introduce deposition testimony pursuant to Paragraph 15(b) of Appendix A and Rule 32, Rules of the Court of Federal Claims (RCFC). Defendant reserves the right to object to the admissibility of exhibits, and will comply with the schedule set forth in the Court's Order filed April 5, 2007, concerning defendant's evidence objections.

Defendant's cross-designations below are made pursuant to RCFC 32(a)(4). The cross-designated portions ought, in fairness, be considered along with the portions designated by plaintiff.

1. Don [sic, Dow] Manlove, Jr.

Defendant objects to plaintiff's designation of page 10, lines 10 through 15 as hearsay within hearsay for which no exception to the hearsay rules apply. Defendant also objects to page 81, line 11 through page 83, line 22 for lack of foundation.

2. Jerry Smelzer [sic, Smelser]

Defendant objects to Boeing's representation that Mr. Smelser was a Rule 30(b)(6) designee. Mr. Smelser's deposition was noticed in his individual capacity pursuant to Rule 30(b)(1), and he was not designated as a Rule 30(b)(6) witness by NASA. *See* Exh. A (Smelser Deposition Notice).

Defendant notes that the deposition occurred on June 20, 2002, not June 28, 2002, as plaintiff asserts.

Defendant objects to page 174, line 18 through page 175, line 13 for lack of foundation because the witness is being asked to speculate as to what someone else meant by particular quotes.

Defendant further objects to page 175, lines 1 through 7 as assuming facts not in evidence, argumentative and hearsay (this is a statement by the deposing attorney as to what some person allegedly "already talked about" in a document printed from the internet).

Defendant objects to page 175, line 23 through page 176, line 15 as calling for speculation and for lack of foundation.

Pursuant to RCFC 32(a)(4), defendant cross-designates the following portions of Mr. Smelser's June 20, 2002, deposition transcript: page 8, lines 2 through 23; page 21, lines 1 through 6; page 28, line 4 through page 34, line 10; page 49, line 10 through page 55, line 7; page 177, lines 7 through 12; and the "Amendment" (errata) sheet.

3. James K. Tierney

Defendant objects to plaintiff's designation of page 53, line 15 through page 57, line 12 of Mr. Tierney's deposition transcript. This excerpt is a discussion between counsel for plaintiff and defendant, and does not include any testimony from the witness.

4. Lowell Howard, Jr.

No objection to the transcript designations. Pursuant to RCFC 32(a)(4), defendant cross-designates the following portions of Mr. Howard's October 25, 2006, deposition transcript: page 18, line 7 through page 19, line 24; page 46, line 1 through page 47, line 10; page 49, line 11 through page 51, line 24; page 57, line 1 through page 58, line 25; page 62, lines 1 and 2; page 73, line 17 through page 74, line 9; page 75, line 2 through page 78, line 25; and page 83, line 1 through page 85, line 7.

5. Lionel Eric Roche

No objection to the transcript designations. Pursuant to RCFC 32(a)(4), defendant cross-designates the following portions of Mr. Roche's October 24, 2006, deposition transcript: page 13, line 1 through page 18, line 15; and page 28, line 15 through page 31, line 3.

6. Michael D. Combs

No objection to the transcript designations. Pursuant to RCFC 32(a)(4), Defendant cross-designates the following portions of Mr. Comb's September 23, 2002, deposition transcript: page 42, line 21 through page 45, line 14; page 49, line 1 through 13; page 86, lines 7 through 25; page 103, line 14 through page 108, line 19; and page 186, line 19 through page 187, line 1.

7. Joel LoBue

Plaintiff has designated portions of two transcripts for the depositions of Mr. LoBue.

Defendant objects to plaintiff's designation of page 17, lines 17 through 23 of Mr. LoBue's June 17, 2003, deposition transcript. This excerpt is a statement by plaintiff's attorney, not the witness, and assumes facts not in evidence.

Defendant also objects to plaintiff's designation of page 24, line 16 through page 25, line 12 of Mr. LoBue's June 17, 2003, deposition transcript. This excerpt is a statement by plaintiff's attorney, not the witness, and is not a question to the witness.

Defendant has no objection to the designations concerning Mr. LoBue's December 16, 2003, deposition transcript. Pursuant to RCFC 32(a)(4), defendant cross-designates the

following portions of that deposition transcript: page 3, lines 7 through 18; page 7, lines 10 through 25; page 12, line 2 through page 16, line 6; and page 19, line 4 through page 20, line 6.

8. Richard Schmidgall

Defendant objects to Boeing's representation that Mr. Schmidgall was a Rule 30(b)(6) designee. Mr. Schmidgall's deposition was noticed in his individual capacity pursuant to Rule 30(b)(1), and he was not designated as a Rule 30(b)(6) witness by NASA. *See* Exh. B (Schmidgall Deposition Notice).

Defendant objects to plaintiff's designation of pages 46 through 50 of Mr. Schmidgall's deposition transcript as irrelevant. This excerpt concerns NASA's operating budget for the Space Shuttle and a January 1993 General Accounting Office (GAO) report regarding Space Shuttle costs. As the GAO report precedes the alleged use of the patented invention, this report and the corresponding discussion of it is irrelevant. Furthermore, Space Shuttle costs and budgetary numbers are irrelevant to the determination of the reasonable royalty for the use of an aging process involving only certain panels of the External Tank. Boeing contends that the value of the entire Space Shuttle could be the royalty base due to the purported "significant benefits" realized by NASA. *See* Pl.'s Mem. of Contentions of Fact and Law on Damages at 7. However, the proper measure of compensation in cases brought under 28 U.S.C. § 1498(a) is what the patentee lost, not what the Government gained. *See Dow Chemical Co. v. United States*, 226 F.3d 1334, 1348 (Fed. Cir. 2000) (reversing the trial court's use of the benefit conferred method). Therefore, Space Shuttle costs and budgetary figures are irrelevant.

Defendant also objects to the excerpt at page 47, line 1 through page 48, line 4 for lack of foundation because the witness testified that he had not seen the GAO report before and could only speculate as to how the figures in that report were derived.

Defendant objects to plaintiff's designation of pages 48 through 60 of Mr. Schmidgall's deposition transcript as irrelevant. This excerpt concerns the Space Flight Operations Contract between NASA and United Space Alliance, and does not pertain to the contracts concerning the manufacture of the External Tank.

Pursuant to RCFC 32(a)(4), defendant cross-designates the following portions of Mr. Schmidgall's October 19, 2006, deposition transcript: page 6, line 13 through page 25, line 25; page 32, lines 18 through 25; page 41, line 1 through page 43, line 23; page 52, line 2 through page 54, line 15 and the errata sheet (page 66).

9. Gary Bugbee

Defendant objects to Boeing's representation that Mr. Bugbee was a Rule 30(b)(6) designee. Mr. Bugbee's deposition was noticed in his individual capacity pursuant to Rule 30(b)(1), and he was not designated as a Rule 30(b)(6) witness by NASA. *See* Exh. C (Bugbee Deposition Notice).

Defendant objects to plaintiff's designation of the following sections of Mr. Bugbee's deposition transcript as irrelevant: page 33, line 5 through page 35, line 25; page 38, line 22 through page 39, line 14; page 39, line 22 through page 42, line 15. These excerpts concern the Shuttle Main Engine contracts, and do not pertain to the contracts concerning the manufacture of the External Tank.

Pursuant to RCFC 32(a)(4), defendant cross-designates the following portions of Mr. Bugbee's October 17, 2006, deposition transcript: page 7, line 14 through page 15, line 25; page 19, lines 1 through 8; page 22, line 1 through page 26, line 25; page 44, line 19 through page 45, line 16 and the errata sheet.

10. Marty LeCour

No objection to the transcript designations.

11. John Welborn

Defendant objects to plaintiff's designation of page 35, line 5 through page 37, line 25 of Mr. Welborn's deposition transcript. This excerpt is a discussion between counsel for plaintiff and counsel for Lockheed Martin, and does not include any testimony from the witness.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

August 9, 2007

s/ Ken B. Barrett
KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE BOEING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>and<br><br>McCOOK METALS, LLC<br><br>Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00-705C<br>(Judge Francis M. Allegra) |

**PLAINTIFF THE BOEING COMPANY'S NOTICE OF DEPOSITION PURSUANT TO STIPULATION AND RULE 30(b)(1) RCFC**

**PLEASE TAKE NOTICE** that pursuant to Stipulation and Rule 30(b)(1) RCFC, Plaintiff The Boeing Company ("Boeing") will take the deposition upon oral examination, to be recorded by court reporter transcription, of Mr. Jerry W. Smelser, Director External Tank Project, NASA-MSFC commencing on June 20, 2002 at 9:30 a.m. and continuing from day to day until completed, at the offices of Lieberman & Nowak, LLP, 350 Fifth Avenue, 74th Floor, New York, New York 10018, or a place otherwise designated by the parties, before a notary public or other person authorized to administer oaths.

You are invited to attend and cross examine.

Dated: June 3, 2002

LIEBERMAN & NOWAK, LLP

Keith D. Nowak
350 Fifth Avenue, 74th Floor
New York, New York 10118
(212) 947-0500

Attorneys for the Plaintiff The Boeing Company

CERTIFICATE OF SERVICE

I, John Kwok, hereby certify that on June 3, 2002 copy of the foregoing "PLAINTIFF THE BOEING COMPANY'S NOTICE OF DEPOSITION PURSUANT TO STIPULATION AND RULE 30(b)(1) RCFC" was sent by First Class Mail, postage pre-paid, upon the following:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attorneys for Defendant

- and -

John S. Pachter, Esq.
Smith, Pachter, McWhorter & Allen, PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182

Attorneys for Third-Party Defendant McCook Metals, LLC

John K. Kwok
**Lieberman & Nowak, LLP**
350 Fifth Avenue, 74th Floor
New York, NY 10118
(212) 947-0500

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE BOEING COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>THE UNITED STATES,<br><br>Defendant. | **No. 00-705C**<br>**(Judge Francis M. Allegra)** |

**PLAINTIFF, THE BOEING COMPANY'S NOTICE OF DEPOSITION OF RICHARD SCHMIDGALL AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

To: Ken B. Barrett, Esq.
Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Attorney for Defendant

PLEASE TAKE NOTICE that, commencing at 10:00 a.m. on August 1, 2006, at the offices of Carter Ledyard & Milburn, 2 Wall Street, New York, NY, <u>or a place otherwise designated by the parties</u>, the Plaintiff will take the oral deposition of Richard Schmidgall, Contracting Officer's Technical Representative, NASA, before an officer authorized by law to administer oaths and take depositions. The deposition will be recorded by stenographic means. The oral examination will continue from business day to business day until completed. You are invited to attend and cross-examine.

Please take notice that, pursuant to Rule 30(b)(5) RCFC, the deponent is requested to produce and permit inspection and copying of all documents listed on the attached Exhibit A at 9:00 a.m. on August 1, 2006, at the designated location of the deposition, or as otherwise agreed by the parties.

Dated: July 6, 2006

Submitted by,

By: Arthur Lieberman by Kriel Nied

ARTHUR M. LIEBERMAN

Ganfer & Shore
360 Lexington Ave.
New York, NY 10017
(212) 922-9250 x252 Phone
Attorney for Plaintiff

EXHIBIT A

1. All documents identified as available for inspection or for production in the Response On Behalf of the National Aeronautics and Space Administration to Plaintiff The Boeing Company's First Set of Interrogatories-Damages, dated June 7, 2006.

2. Document entitled "Aerospace Safety Advisory Panel Annual Report for 2002."

3. DD Form 250 or equivalent for each of the Space Shuttle Main Engines, the Alternate Turbo Pumps, the Reusable Solid Rocket Motors, and the Orbiters that were used in conjunction with each Space Shuttle flight in which a Super Lightweight External Tank was used.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "Plaintiff, The Boeing Company's Notice of Deposition of Richard Schmidgall and Request for Production of Documents and Things" with Exhibit A was sent by FedEx for next business day delivery on this 6th day of July, 2006, to:

Ken B. Barrett, Esq.
Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attorney for Defendant

Keith D. Nowak
Carter Ledyard & Milburn LLP
Phone: (212) 238-8610

# EXHIBIT C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE BOEING COMPANY, Plaintiff, - against - THE UNITED STATES, Defendant. | **No. 00-705C (Judge Francis M. Allegra)** |

**PLAINTIFF, THE BOEING COMPANY'S NOTICE OF DEPOSITION OF GARY BUGBEE AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

To: Ken B. Barrett, Esq.
Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Attorney for Defendant

PLEASE TAKE NOTICE that, commencing at 10:00 a.m. on August 1, 2006, at the offices of Carter Ledyard & Milburn, 2 Wall Street, New York, NY, or a place otherwise designated by the parties, the Plaintiff will take the oral deposition of Gary Bugbee, MSFC External Tank Contract Specialist, before an officer authorized by law to administer oaths and take depositions. The deposition will be recorded by stenographic means. The oral examination will continue from business day to business day until completed. You are invited to attend and cross-examine.

Please take notice that, pursuant to Rule 30(b)(5) RCFC, the deponent is requested to produce and permit inspection and copying of all documents listed on the attached Exhibit A at 9:00 a.m. on August 1, 2006, at the designated location of the deposition, or as otherwise agreed by the parties.

Dated: July 6, 2006

Submitted by,

By: Arthur Lieberman by Kail Naal

ARTHUR M. LIEBERMAN

Ganfer & Shore
360 Lexington Ave.
New York, NY 10017
(212) 922-9250 x252 Phone
Attorney for Plaintiff

EXHIBIT A

1. All documents identified as available for inspection or for production in the Response On Behalf of the National Aeronautics and Space Administration to Plaintiff The Boeing Company's First Set of Interrogatories-Damages, dated June 7, 2006.

2. Document entitled "Aerospace Safety Advisory Panel Annual Report for 2002."

3. DD Form 250 or equivalent for each of the Space Shuttle Main Engines, the Alternate Turbo Pumps, the Reusable Solid Rocket Motors, and the Orbiters that were used in conjunction with each Space Shuttle flight in which a Super Lightweight External Tank was used.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "Plaintiff, The Boeing Company's Notice of Deposition of Gary Bugbee and Request for Production of Documents and Things" with Exhibit A was sent by FedEx for next business day delivery on this 6th day of July, 2006, to:

Ken B. Barrett, Esq.
Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attorney for Defendant

Keith D. Nowak
Carter Ledyard & Milburn LLP
Phone: (212) 238-8610