**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE BOEING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-705 C<br><br>Judge Francis M. Allegra |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EVIDENCE OBJECTIONS**

Defendant, the United States, hereby responds to "Plaintiff's Objections to Defendant's Exhibits," filed July 23, 2007.

The undersigned counsel for the Government has conferred with Mr. Keith Nowak, counsel for plaintiff Boeing. Mr. Nowak stated that Boeing withdraws it Objections Nos. 1 through 3.

1. DX-345 through DX-360

Plaintiff's objection has been withdrawn.

2. DX-361 through DX-367

Plaintiff's objection has been withdrawn.

3. DX-383

Plaintiff's objection has been withdrawn.

4. DX-405

Exhibit DX-405 is a table of Treasury Bill (T-Bill) rates published by the Federal Reserve. Plaintiff objects to DX-405 on the basis of relevance. Plaintiff asserts that "T-Bill rates

are irrelevant in that the proper interest rate is, by case law, the interest rate on IRS overpayment." Plaintiff does not offer a citation to any authority for this incorrect proposition.

The determination of the proper interest rate for delay compensation is an issue of fact, not law. *Standard Mfg. Co., Inc. v. United States*, 42 Fed. Cl. 748, 777 (1999). T-Bill rates are the appropriate delay compensation rates because such rates properly compensate the patentee for the time value of money considering the lack of financial risk incurred by the patentee. *See id.* at 778 (T-Bill rates "account for inflation while avoiding a reward for risks which the plaintiff did not undertake."). Furthermore, this Court has utilized T-Bill rates for the calculation of delay compensation in most of the recent patent cases. *See ITT Corp. v. United States,* 17 Cl. Ct. 199, 243 (1989) (approving the use of 52-week T-Bill rates); *Gargoyles, Inc. v. United States*, 37 Fed. Cl. 95, 109-10 (1997) (one year T-Bill rates); *Standard Mfg. Co., Inc.*, 42 Fed. Cl. at 778 (1-year T-Bill rates); *Wright v. United States*, 53 Fed. Cl. 466, 479 (2002) (52-week T-Bills); *Paymaster Techs., Inc. v. United States*, 61 Fed. Cl. 593, 615 (2004) (52-week T-Bills), *vacated and remanded on other grounds*, 180 Fed. Appx. 942, 949, 2006 WL 1228851, *6 (Fed. Cir. 2006). Additionally, the Federal Circuit has approved the use of T-Bill rates in other contexts. *See Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 789, 792 (Fed. Cir. 1990) (affirming the trial court's use of 3-month T-Bill rates for prejudgment interest); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989) (affirming the trial court's use of the T-Bill rate for interest pursuant to 28 U.S.C. § 1961).

Not only are Treasury Bill rates relevant, those rates are the appropriate form of delay compensation. Therefore, the Court should overrule plaintiff's objection to DX-405.

5. DX-422 through DX-424

Defendant withdraws Exhibits DX-422, DX-423 and DX-424. Plaintiff's objections thereto are moot.

For the reasons set forth above, the Court should overrule plaintiff's objection to defendant's exhibit DX-405 and deem plaintiff's objections to DX-422 through DX-424 to be moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

August 9, 2007

s/ Ken B. Barrett

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice