# In the United States Court of Federal Claims

No. 00-075C

(Filed: September 28, 2007)

THE BOEING COMPANY,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**ORDER**

On September 28, 2007, a pretrial conference was held in this case. Participating in the conference were Arthur M. Lieberman and Keith Nowak, on behalf of plaintiff, and Ken B. Barrett, on behalf of defendant. Pursuant to the discussion, the court orders the following:

1. The first portion of trial will commence at 10:00 a.m. (E.S.T.) on Monday, October 15, 2007, at the United States Court of Federal Claims, 717 Madison Place, Washington, DC 20005. Each subsequent day of trial will begin at 9:30 a.m. (E.S.T.), unless otherwise ordered.

2. The second portion of trial will commence at 10:00 a.m. (E.S.T.) on Thursday, November 8, 2007, at the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130. Each subsequent day of trial will begin at 9:00 a.m. (E.S.T.), unless otherwise ordered.

3. At issue in this trial are what damages are owed plaintiff as the result of defendant's infringement of the subject patent. The parties recognize that proof as to this issue may include evidence establishing the number of panels that infringed the patent that were actually used in external fuel tanks.

4. On or before **October 9, 2007**, the parties shall file a joint stipulation of undisputed facts. The stipulation shall, to the extent possible, resolve issues concerning whether and to what extent panels the court has ruled infringed the patent in question were actually used in the construction of external fuel tanks. Otherwise, the court expects that stipulation to be extensive and to cover all undisputed matters. Failure to file a sufficiently comprehensive stipulation will

result in an order requiring the parties to refile a revised stipulation that comports with the court's expectations.

5. Regarding exhibits:

a. On or before **October 11, 2007**, the parties shall each file a revised exhibit list, in which the proposed exhibits will be numbered sequentially in a pattern that does not replicate the numbering during the infringement stage of this case.

b. At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At the outset of trial, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time. The parties shall consult with each other and avoid introducing duplicate exhibits.

c. At the beginning of trial in Washington, DC, the parties shall supply one pre-marked copies of the hard copy exhibits they intend to offer in this case, and four CD-ROM sets containing pre-marked copies of electronic exhibits. All documents on the CD-ROM sets will be bates-stamped or otherwise electronically marked to allow for ready identification of individual pages. The hard copy shall be in a binder, with tabbed dividers between each individual exhibit – the spines of the binders shall indicate the exhibits contained therein in large-faced type. The parties shall ensure that, prior to trial, the court has the software needed to view the exhibits on the CD-ROMs and shall, if necessary, provide a licensed copy of such software to the court for its use during the pendency of this case. .

d. At the beginning of trial in New Orleans, the parties shall supply six pre-marked copies of the exhibits offered in this case including joint exhibits. The copies shall be in binders, with tabbed dividers between each individual exhibit – the spines of the binders shall indicate the exhibits contained therein in large-faced type. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use any color other than blue. The parties shall ensure that the pagination of individual exhibits is easily identifiable. The parties shall provide boxes suitable for mailing two copies of their exhibit binders.

e. As to the summary exhibits that plaintiff intends to offer (PX 1031-32 and PX 1123-24 (revised PX 1031-32), plaintiff shall, on or before **October 2, 2007**, provide to defendant a definitive and binding statement as to the formulae that were used to calculate the numbers contained in these

exhibits. Defendant shall be permitted to depose Ms. Mara Leff, who developed these exhibits. Ms. Leff will testify during the New Orleans portion of the case. The parties shall otherwise endeavor to satisfy the requirements of Rule 1006 of the Federal Rules of Evidence as to these summary exhibits.

6. Regarding witnesses:

   a. The court considered various objections to witnesses during the pre-trial conference, but did exclude any witnesses based upon those objections. The court, nonetheless, indicated that various of the objections could be renewed in response to particular questions posed during the trial, including, in particular, objections that the evidence being produced through a witness is not factual in nature, but rather properly introduced only as expert testimony.

   b. On or before **October 11, 2007**, the parties shall each file a revised witness list. That list shall indicate whether the witnesses listed will be testifying in Washington, DC or in New Orleans, LA.

   c. Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

   d. Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

   e. Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (*e.g.*, stipulated matters).

7. The court reminded the parties that evidence received during the first trial in this case may be relied upon by the parties for whatever purposes necessary.

8. The court will require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

9. Closing argument will be held following the conclusion of post-trial briefing on a date to be established. The argument will be held telephonically.

10. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge